IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA CAVALLARO and MONIQUE HERMAN, on behalf of themselves and all other employees similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL HOSPITALS, INC., UMASS MEMORIAL MEDICAL CENTER, INC., HEALTHALLIANCE HOSPITALS, INC., MARLBOROUGH HOSPITAL, THE CLINTON HOSPITAL ASSOCIATION, WING MEMORIAL HOSPITAL CORPORATION, AND UMASS MEMORIAL HEALTHCARE 401(K),<br><br>DEFENDANTS. | Civil Action No. 4:09-cv-40152-FDS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFFS'
FLSA CAUSE OF ACTION**

**I.   INTRODUCTION**

Defendants[1] move, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings and the dismissal of Plaintiffs Patricia Cavallaro's and Monique Herman's ("Plaintiffs") First Cause of Action asserting a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") based on their failure to state a FLSA claim upon which relief can be granted.[2] The

---

[1] For purposes of this Motion, "Defendants" collectively refers to the following named defendants in the above-styled action: UMass Memorial Health Care, Inc.; UMass Memorial Hospitals, Inc.; UMass Memorial Medical Center, Inc.; HealthAlliance Hospitals, Inc.; Marlborough Hospital; The Clinton Hospital Association; Wing Memorial Hospital Corporation, and UMass Memorial Health Care 401(K).

[2] Plaintiffs filed a First Amended Complaint – Class Action and Demand for Jury Trial ("Amended Complaint") on October 11, 2010 containing the following Causes of Action: First – "FLSA"; Second – "ERISA – Failure to Keep Accurate Records"; Third – "ERISA – Breach of Fiduciary Duty"; and Fourth – "RICO". (*See* Document Number 48 (hereafter "Doc. No. ___")). Plaintiffs' Causes of Action numbers 1 through 4 in their Amended Complaint were

1

two named Plaintiffs filed the present action on behalf of themselves and a putative class who allegedly "were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked." (Doc. No. 48, ¶ 26) They further allege that "defendants maintained several illegal pay polices that denied Plaintiffs and Class Members compensation for all hours worked, including applicable premium pay rates." *Id.* at ¶ 28. Plaintiffs assert four different causes of action, but each is based on an identical factual predicate: that Plaintiffs were allegedly not compensated for work they performed during meal breaks, before and after their scheduled work shifts, and while attending various training programs in violation of the FLSA. *Id.*, *generally*.

Plaintiffs attempt to avoid the requirement to plead standing and their individual employment relationship as to each named defendant in order to improperly multiply the putative class size. Their effort to multiply the putative class size many times over compels Defendants to bring this Motion because the significance of this pleading requirement is not just theoretical; it has enormous implications for the nature of this specific case. Plaintiffs' attempt to avoid their constitutional burden of pleading and proving standing also impacts whether it is even appropriate for class or collective treatment in the first instance. If, as Defendants will demonstrate, the two named Plaintiffs were employed by only one of the eight named Defendants, even if Plaintiffs allege a joint employment relationship, *Lucas v. BMS Enterprises, Inc.*, now makes clear that the employees of one named Defendant cannot represent class members employed by *other* named Defendants without first pleading (and ultimately proving)

---

previously asserted in their original Complaint. The Amended Complaint omitted prior individual named Defendants John O'Brien and Patricia Webb and a Cause of Action for Estoppel that had been asserted in the original Complaint. (*See* original Complaint filed on September 3, 2009, Doc. No. 1) On October 30, 2009, Defendants filed a Motion to Dismiss the Fourth Cause of Action asserting a claim under the Racketeer Influenced Corrupt Organizations act ("RICO") (Doc. No. 12). This Court entered a Memorandum and Order on Defendants' Motion to Dismiss and Defendants' Motion to Strike on July 2, 2010, dismissing the RICO Cause of Action. (Doc. No. 40, p. 10)

2

that the named Plaintiff was injured by each particular defendant. Civil Action No. 3:09-CV-2159-D, 2010 U.S. Dist. LEXIS 66050 (N.D. Tex. July 1, 2010). "The standing requirement is not different in a collective action suit." *Id.* at 10. Plaintiffs must point to an injury caused by each defendant corporation; mere corporate relationships between a defendant and another corporation is not sufficient to give standing to sue under the FLSA. *Id.* at *10, n.6, 15; *see also In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 654 (S.D. Tex. 2004) (holding that plaintiff did not have standing to bring class action complaint against his employer's subsidiary). Moreover, "[w]hether class members . . . are similarly situated could be affected by the fact that they had different employers." *BMS Enterprises*, 2010 U.S. Dist. LEXIS 66050 *12.

## II. PLAINTIFFS FAIL TO ALLEGE STANDING OR SUFFICIENT EMPLOYMENT RELATIONSHIPS

Plaintiffs do not allege a single particular fact regarding their employment relationships. Rather, they put forth mere conclusory statements in reciting the elements used to show employment relationships.

Nowhere do Plaintiffs allege which of the eight named Defendants specifically employed them. Instead, Plaintiffs implausibly argue that all eight Defendants "are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other." *Id.* at ¶ 7. This implausible, conclusory allegation necessarily includes an assertion that defendant UMass Memorial Health Care 401K, a pension plan, somehow employed Plaintiffs and purported class members. Plaintiffs do not even allege any basics about their employment such their titles, positions, dates of employment, pay or how many hours they worked each week. There are no allegations that any particular Defendant caused injuries to either of the Plaintiffs. For instance, nowhere is it alleged that a particular named Defendant engaged in a specific act that injured a named Plaintiff, much less any allegations showing how each particular Defendant

3

engaged in act(s) that caused injuries to each named Plaintiff.

Rather, seeking to sweep all eight distinct named Defendants into this suit, Plaintiffs create the generic terms "UMass" and "defendants" in their Amended Complaint. *Id*. at ¶ 15. They allege "UMass" is an enterprise engaged in the operation of a hospital and/or the care of the sick and is a healthcare consortium. *Id.* at ¶ 16 (emphasis added). However, Plaintiffs do not allege any facts supporting their conclusion that their newly minted "employer" "UMass" is an actual enterprise.

Plaintiffs also assert in conclusory fashion that "defendants' integrated labor relations and human resources are centrally organized and controlled, including defendants' employment of a Senior Vice President and Chief Human Resources Officer as part of the management team as well as the maintenance of system-wide policies and certain employee benefits plans." *Id.* at ¶ 20. Yet, Plaintiffs do not allege: any facts stating how the purported integrated labor relations and human resources are organized or controlled; what role or duties are carried out by a purported senior vice president and chief human resources officer and where and for whom they are exercised; if such positions do exist whether they actually engage in any acts affecting any of the named Defendants; or what "system-wide" policies are maintained, who maintains them, how they are maintained, and whether they impact Plaintiffs.

Plaintiffs conclusory allege "defendants share common management, including oversight and management by a administration and Board of Trustees." *Id.* at ¶ 21. However, Plaintiffs do not allege any facts as to how "common management" is shared or structured vis-a-vis the several Defendants, how a 401K plan possibly manages the work performed by employees, or which managers are employed by which Defendant and whether they engaged in acts impacting any of the Defendants and Plaintiffs relevant to the issues in this case. Moreover, Plaintiffs do

4

<u>not</u> allege who or what positions set or approve the relevant timekeeping, work, and compensation policies, or directs and controls the work of employees at each of the eight Defendants. Moreover, there are <u>no</u> allegations that any particular defendant had the right to hire or fire the Plaintiffs, supervise and control their work schedules or conditions of employment, determine the rate and method of payment, or maintain employment records.

Defendants are alleged to have various centralized systems that are integrated throughout their locations as well as common ownership. *Id.* at ¶¶ 18-19. Yet, <u>no</u> facts are provided to say how the various "centralized" systems are operated or structured, or how (if at all) they impact each of the eight Defendants and what role (if any) each of the Defendants play in the purported "centralized" systems. There are <u>no</u> allegations as to who is an owner of whom or to what degree and in what way, or who exercises or has any financial control over whom and how they have that control. In sum, Plaintiffs offer <u>no meaningful factual allegations</u> in support of their vaguely alleged elements of a joint employer, integrated enterprise/single employer, or alter ego theory. Their effort falls short of the requisite pleading threshold, ultimately rendering the conclusory allegation that "defendants are the employer (single, joint or otherwise) of the Plaintiffs and Class Members" unsupported and implausible. *Id.* at ¶ 23.

### III. ARGUMENT

At any time after the pleadings close and "within such time as not to delay trial," a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." *Burns Int'l Security Servs. V. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1994). Rule 12(c) motions are analyzed under the standards applied to a motion to dismiss under Rule 12(b)(6). *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n.3 (1st Cir.

2009) ("The standard for evaluating a motion to dismiss is the same as that for a motion for judgment on the pleadings.") (*citing Citibank Global Markets, Inc. v. Santana,* 573 F.3d 17, 23 (1st Cir. 2009) ("to survive a motion to dismiss (or a motion for judgment on the pleadings), the complaint must plead facts that raise a right to relief above the speculative level.")).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true factual allegations in the Complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163-65 (1993). However, as the United States Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (abandoning the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) in favor of a "plausibility" standard) (quotations and citations omitted). Such "[f]actual allegations must be enough to raise a right of relief above the speculative level," and Plaintiffs must state "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1965, 1974.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court reemphasized the *Twombly* pleading requirements, highlighting the following: (1) a pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Fed. R. Civ. P. 8; (2) while Fed. R. Civ. P. 8 does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed me accusation . . ."; and (3) a complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement." *Id.* at 1949 (internal quotation marks and citations omitted). The Supreme Court further explained that *"[t]hreadbare recitals of the elements of a*

*cause of action, supported by mere conclusory statements, do not suffice*," and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1949-50 (emphasis added). Here, Plaintiffs' threadbare recitals and mere conclusory statements do not suffice and fail to even recite the elements, let alone allege facts, to establish employment or joint employment under the FLSA. Plaintiffs thus, too, fail to establish standing. Therefore, Plaintiffs have failed to state a claim for relief under the FLSA.

### 1. Plaintiffs' Failure to Show Constitutionally Required Standing Warrants Dismissal of the FLSA Claim

To satisfy the case-or-controversy requirement of Article III of the United States Constitution, Plaintiffs must show that they have "suffered 'injury in fact,' and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). The requirement of standing is not lessened for an individual plaintiff where that plaintiff files a class action complaint. *See, e.g., Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981) (plaintiff failed to show he was denied federal financial assistance, and thus did not have standing to sue for discrimination). As one federal district court has opined, "[t]he principles at the heart of Article III standing are simply too important to permit such bootstrapping" of a suit against a defendant on the theory that some member of a hypothetical class, if a class were certified, might have a claim against that defendant. *In Re Eaton Vance Corp. Securities Litig.*, 220 F.R.D. 162, 169 (D. Mass. 2004) (holding named class action plaintiffs failed to establish standing as to two defendants from whom they did not personally purchase shares).

Here, Plaintiffs fail to allege that they were employed by any particular Defendant. Because Plaintiffs have <u>not</u> alleged that they were employed by any particular Defendant, Plaintiffs have no basis to assert that they are owed any wages, and thus Plaintiffs have not

alleged that they were injured in any manner by any particular Defendant. Accordingly, Plaintiffs lack standing to assert a FLSA claim against any of the Defendants in this action, and their FLSA Cause of Action should be dismissed on this ground alone.

The recent decision in *BMS Enterprises* is instructive. There, two plaintiffs sued BMS Enterprises, their actual employer, seven Blackmon Mooring defendants, and eight other allegedly related corporations alleging that the entities maintained a performance policy that forced plaintiffs not to report on call time. *BMS Enterprises*, 2010 U.S. Dist. LEXIS 66050 at *2. The seven Blackmon Mooring defendants moved to dismiss the FLSA claim. The Plaintiffs had alleged the defendants were a group of related companies combined in a manner that the defendants were the employers of the class of plaintiffs. *Id.* at *11. They also alleged that they or the putative class members were employees of defendants and they performed activities on behalf of defendants. *Id.* Plaintiffs further alleged "the manner in which the similarly situated Plaintiffs were subject to a common scheme meant to deprive them from overtime pay and on call hours not properly paid in violation of the FLSA." *Id.* at *12. In summary, the plaintiffs alleged standing to sue the Blackmon Mooring defendants on the basis that members of the putative class were employed by those defendants, and accordingly suffered the same injury as did plaintiffs. *Id.* at *13.

As the Court held, "[t]hat basis is inadequate to allege standing." *Id.* "Although the Blackmon Mooring defendants may be part of a common enterprise with plaintiffs' employer or employers, FLSA liability is predicated only on an employee-employer relationship, not on defendants' involvement in a common enterprise." *Id. at *15, n.8.* Because the two named Plaintiffs failed to allege their individual employment with and an injury to them caused by each particular defendant, the court granted the motion to dismiss for failure to state a claim for relief

under the FLSA. *Id.* at \*16.  Other courts have routinely dismissed claims against defendants for lack of standing where there are no facts pleaded to show that the plaintiff was caused harm by the particular defendant.  *See, e.g., Diaz v. Adchem Pharma Operations*, 2005 U.S. Dist. LEXIS 46384 \*10 (D. P.R. Sept. 28, 2005) (imposing rule 11 sanction against the plaintiffs' attorney where plaintiff filed FLSA collective action complaint against other subsidiaries of plaintiff's employer's corporate parent); *Chuy v. Hilton Mgmt., LLC*, 2010 U.S. Dist. LEXIS 45680 \*9 (M.D. Fla. May 10, 2010) (dismissing wage claims for lack of standing against defendant Waldorf Management because no named plaintiff alleged they were employed by that defendant; rather they alleged only that they were employed by co-defendant Hilton Management.); *Daugherty v. I-Flow, Inc.*, 2010 U.S. Dist. LEXIS 49038 \*8 (N.D. Tex. Apr. 29, 2010) (dismissing plaintiff's direct and class claims because he failed to plead allegations sufficient or specific enough to show a causal connection between his injury and the conduct of any particular defendant(s)).  Plaintiffs cannot avoid their constitutional requirement to plead standing in order to improperly multiply the putative class size.  Having failed to plead standing, their FLSA claim should be dismissed.

        **2.**    **Plaintiffs' Failure To Sufficiently Allege Employment Relationships Warrants Dismissal of Their FLSA Claim**

As shown in Section II. above, Plaintiffs do not allege that they were employed by a particular Defendant. They have not pleaded the requirements to establish direct employment against any of the eight named Defendants, much less to establish a relationship based on joint employment, integrated enterprise/single employer, or alter ego theories not even applicable to FLSA claims.

        **(a).**    **Plaintiffs Fail to Allege Employment Under the FLSA Test**

Under the FLSA, to determine whether an employment relationship exists courts look to

the "economic reality" of the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer. *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998). This test applies four factors, asking whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.*

Plaintiffs have failed to plead these factors for an employment relationship here. They have not alleged anywhere in the Amended Complaint which of the eight named Defendants had the power to hire or fire them, supervised or controlled their work schedules or conditions of employment, determined their rate and method of payment, or maintained their employment records. Rather, Plaintiffs offer only conclusory allegations that all eight defendants are integrated or share common management or ownership. Such assertions are not only implausible without supporting facts but legally insufficient and must be disregarded. *See, e.g., Chen v. Domino's Pizza, LLC*, Civ. Action No. 09-107, 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009) (mere allegation that defendants were employers not sufficient to show employment relationship, and no facts were alleged that defendant Domino's had the power to hire and fire employees, determine rate and method of compensation, control the terms and conditions of employment, and maintain employment records); *Leber v. Berkley Vacation Resorts, Inc.*, No. 2:08-CV-01752-PMP-PL, 2009 WL 2252517, at *5 (D. Nev. July 27, 2009) (dismissing plaintiffs' FLSA claim for failure to allege which defendant was their employer or facts necessary to establish joint employment, and holding that plaintiffs must allege facts which show they plausibly are entitled to relief from each defendant as an employer or joint employer); *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 775-76 (D. Md. 2008) (granting co-defendant Regal's

motion to dismiss where the economic reality regarding the plaintiffs and Regal was insufficient to find an employer-employee relationship and plaintiffs did not allege that Regal had the power to hire or fire them and control their wages or working conditions).

Here, Plaintiff Cavallaro does not allege that she was employed by UMass Memorial Health Care, Inc., Health Alliance Hospitals, Inc., Wing Memorial Hospital Corporation, or any of the other Defendants.  She also does not allege that one (or any) of these Defendants had the right to hire or fire her, supervised her or controlled her schedule, determined her rate of pay, or maintained her employment records.  Plaintiff Herman also does not allege that a particular (or any) defendant had these rights.  In fact, Plaintiffs never identify which of the Defendants employed each of them.  Instead, Plaintiffs attempt to hide the absence of any real identified employer by using the artificial but empty labels.  Consequently, Plaintiffs do not even meet the practices held insufficient by *Iqbal*, such as pleading "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," let alone meet *Twombly's* requirement for enough facts to state a claim for relief that is plausible on its face.  The FLSA Cause of Action therefore should be dismissed because it fails state a claim for relief by failing to plead a necessary employment relationship with any of the eight Defendants.

Having failed to plead direct employment with any Defendant, Plaintiffs' likewise fail to plead joint employment under the FLSA.  Plaintiffs are required to go beyond boilerplate conclusions and plead facts supporting their joint employment allegations.  Where a plaintiff fails to do so, courts have not hesitated to dismiss the complaint.  *See, e.g., Chen*, 2009 WL 3379946, at *5 (complaint dismissed where plaintiffs made conclusory allegation that defendants were joint employers); *Hibbs-Rines v. Seagate Techs, LLC*, Docket No. C 08-05430, 2009 WL 513496, at *5  (N.D. Cal. Mar. 2, 2009) ("Plaintiff's joint employer allegations are insufficient

because they are legal conclusions, not factual allegations. . . . While plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, plaintiff must at least allege some facts in support of this legal conclusion.") (citations omitted); *Leber*, 2009 WL 2252517, at *5 ("Plaintiffs have alleged Defendants are 'a common or joint enterprise or partnership that is collectively, jointly and severally liable to all of the putative plaintiffs described herein'. . . . This allegation is conclusory and supported by no factual allegations.") Since Plaintiffs have, like the plaintiffs in *Hibbs-Rines, Leber* and *Chen*, asserted nothing other than conclusory allegations and utterly fail to plead facts necessary to establish employment under *Baystate's* requirements, the FLSA Cause of Action should be dismissed.[3]

### (b).   Plaintiffs' Even Fail to Allege Employment Under Other, Inapplicable Theories

Plaintiffs' FLSA claim fares no better and warrants dismissal under any other tests that Plaintiffs may argue apply, although *Baystate* makes it clear that the four factor test above is the one that determines employment under the FLSA.  For argument sake, even if tests used under other theories of liability were applied (which Defendants maintain would be improper), Plaintiffs' still fail to sufficiently allege employment relationships and thus have failed to state a claim for relief.

Based on the "buzz" words Plaintiffs include in paragraphs 18-22 of the Amended

---

[3] Even if Plaintiffs had sufficiently alleged direct employment relationships, which they did not do, and then joint employment relationships, which they also did not do, the basis for finding that two companies are "joint employers" is that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. *Torres-Negron v. Merck & Co.*, Inc., 488 F.3d 34, 40 n.6 (1st Cir. 2007).  The joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those conditions of employment. *Id*.  Thus, a finding that two companies are an employee's "joint employers" only affects each employer's liability to the employee for their *own* actions, not for each other's actions. *Id.* Accordingly, Plaintiffs must still plead how each particular Defendant injured her, which they have failed to do.

12

Complaint, they apparently seek application of the single employer or integrated-enterprise test requiring: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership. *Torres-Negron v. Merck & Co.*, Inc., 488 F.3d 34, 42 (1st Cir. 2007); *Roma v. U-Haul Int'l*, 233 F.3d 655, 662 (1st Cir. 2000). It is used to determine if a parent and subsidiary company should be treated as a single, integrated employer and more specifically where the parent corporation "directed the discussion, act, practice, or policy which the employee of the subsidiary was complaining." *Romano*, 233 F.3d at 665, *citing Papa v. Katy Industries, Inc.*, 166 F.3d 937, 941 (7th Cir. 1999); s*ee also Englehardt v. S.P. Richards Co.*, 472 F.3d 1 (1st Cir. 2006) (finding these elements of a single employer/integrated enterprise were not met); *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F. 3d 990 (6th Cir.1997) (same). Here, Plaintiffs fail to allege which Defendant is the parent allegedly directing the actions complained of and which Defendant is the subsidiary that engaged in each action against each Plaintiff, in addition to their failure as indicated in Section II to allege facts to support their conclusory pleading of the "buzz" words in the elements for this test. Nothing more than "labels and conclusions" and a "formulaic recitation of the elements" are present in Plaintiffs' effort to establish employment relationships, which *Iqba*l instructs is wholly insufficient. *Iqbal*, 129 S. Ct. at 1949-50.

Finally, Plaintiffs' allegation and wholly unsupported legal conclusion that Defendants are "and/or alter egos of each other" is insufficient and does not save their claims from dismissal. Under Massachusetts law, alter ego and agency theories are one and the same. *The Prudential Ins. Co. of America v. Turner & Newall PLC*, Civ. Action No. 85-2179-H, 1988 U.S. Dist. LEXIS 15960, *11-15 (D. Mass. Dec. 12, 1988). Alter ego is also known as the doctrine of corporate disregard. *Id; Miller v. Honda Motor Co.*, 779 F.2d 769, 772 (1st Cir. 1985). A party

requesting a court to disregard the corporate form must establish the existence of two conditions. *Id.* First, the party must allege facts suggesting that representatives of one corporation exercise some type of pervasive control over the activities of another corporation; or that there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities. *The Prudential Ins. Co.*, 1988 U.S. Dist. LEXIS 15960 *4, *citing My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618-619 (1968). Second, the party must show that piercing the corporate veil is necessary to defeat fraud or wrong to prevent gross inequity. *Id.* Only in those rare situations in which these two conditions exist may a court properly invoke the equitable doctrine of corporate disregard. *Id.*

The two required conditions are not pleaded here. As shown above, Plaintiffs have not pleaded facts to plausibly show pervasive control by one corporate Defendant over the activities of another Defendant, let alone as among all eight Defendants. Moreover, there is not a single allegation in the Amended Complaint that piercing the corporate veil is necessary to defeat fraud or wrong to prevent gross inequity. Consequently, even if the "alter ego" test were the appropriate one to apply to FLSA claims (and it is not), Plaintiffs' conclusory allegation of "and/or alter egos of each other" is of no significance and does not prevent dismissal of Plaintiffs' FLSA claim for failing to plausibly plead the requisite employment relationships with Defendants.

## IV.   CONCLUSION

Defendants' Motion For Judgment On The Pleadings Against Plaintiffs' FLSA Cause of Action should be granted and the FLSA claim dismissed.

Respectfully submitted,

UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL HOSPITALS, INC., UMASS MEMORIAL MEDICAL CENTER, INC., HEALTHALLIANCE HOSPITALS, INC., MARLBOROUGH HOSPITAL, THE CLINTON HOSPITAL ASSOCIATION, WING MEMORIAL HOSPITAL CORPORATION AND UMASS MEMORIAL HEALTH CARE 401(k) PLAN

By their attorneys,


*/s/ Lisa A. Schreter*
Lisa A. Schreter
Angelo Spinola
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E.
Suite 1500 Atlanta, GA  30326
Phone: 404.233.0330
Fax: 404.233.2361
lschreter@littler.com
aspinola@littler.com

Gregory C. Keating (BBO # 564523)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
gkeating@littler.com


Dated:  November 17, 2010

## **CERTIFICATE OF SERVICE**

I, Lisa A. Schreter, hereby certify that on this 17th day of November, 2010, the foregoing Defendants' Memorandum of Law in Support of their Motion For Judgment on the Pleadings Against Plaintiffs' FLSA Cause of Action was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to the registered participants as identified on the Notice of electronic filing and also via first class mail to plaintiffs' counsel of record:

    Jody L. Newman
    Ariatna Villegas-Vasquez
    DWYER & COLLORA, LLP
    600 Atlantic Avenue
    Boston, MA 02210-2211

    Patrick J. Solomon, Esq.
    Michael J. Lingle, Esq.
    THOMAS & SOLOMON LLP
    693 East Avenue
    Rochester, NY 14607

    */s/ Lisa A. Schreter*
    Lisa A. Schreter

Firmwide:98660816.1 058224.1002