## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA CAVALLARO AND MONIQUE HERMAN, <br><br> *on behalf of themselves and all other employees similarly situated,* <br><br> *Plaintiffs,* <br><br> v. <br><br> UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL HOSPITALS, INC., UMASS MEMORIAL MEDICAL CENTER, INC., HEALTHALLIANCE HOSPITALS, INC., MARLBOROUGH HOSPITAL, THE CLINTON HOSPITAL ASSOCIATION, JOHN O'BRIEN AND PATRICIA WEBB <br><br> *Defendants.* | Civil Action No. <br><br> **09-cv-40152-FDS** |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFFS' ERISA CAUSES OF ACTION

### PRELIMINARY STATEMENT

Defendants' motion, which is held to the same standard as a motion to dismiss, should plainly be denied. Plaintiffs have set forth allegations sufficient to plausibly suggest that defendants violated their fiduciary and record keeping duties as administrators of plans subject to the Employee Retirement Income Security Act ("ERISA"). Indeed, numerous courts have held that that an employer's failure to properly credit employees for all hours worked—as a necessary task for purposes of benefit calculation—constitutes a breach of fiduciary duty under ERISA. Because plaintiffs have plausibly alleged that they were employed by defendants and subject to identified ERISA plan(s), defendants' motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2009, plaintiffs Patricia Cavallaro and Monique Herman, and all other similarly situated employees ("plaintiffs") commenced this action against UMass Memorial Health Care, Inc., and the other named defendants (collectively "defendants") for defendants' violations of the Fair Labor Standards Act ("FLSA"), ERISA, and the Racketeering Influenced and Corrupt Organizations Act ("RICO") arising from defendants' illegal pay policies and practices.

Specifically, plaintiffs' Causes of Action II and III alleged violations of ERISA against defendants as sponsors of employee benefits plans as follows:

- By failing to keep records of all time worked by Class Members, defendants' records are legally insufficient to determine benefits owed to employees who are plan participants (*See* Second Amended Complaint ("Amend. Compl.") ¶¶ 119-120);[1] and

- While acting as fiduciaries exercising discretion over the administration of the plan, defendants' failure to credit or even investigate crediting overtime pay as compensation used to determine benefits under the plan was a breach of defendants' fiduciary duty because crediting hours is a fiduciary function, independent of the payment of wages (*See* Amend. Compl. ¶121).

Shortly after the dismissal of plaintiffs' RICO claim, the parties agreed to attempt to resolve this case through mediation, which was held on September 27, 2010. However, the parties were at an impasse and resolution was unsuccessful. In conjunction with the mediation, plaintiffs filed an amended complaint to remove the two individual defendants. Now that the mediation has proved unsuccessful, however, and pursuant to the parties' Mediation Agreement, plaintiffs have moved for leave to file a second amended complaint reinstating the claims against the individual defendants. In the meantime, defendants filed the instant motion for judgment on

---

[1]  As set forth more fully in plaintiffs' response to defendants first motion for judgment on the pleadings (FLSA claims), pursuant to the parties' agreement, plaintiffs have now filed a motion for leave to amend the complaint to reinstate the claims against the individual defendants. This response is written based on the allegations in plaintiffs proposed Second Amended Complaint and all complaint references herein are to that Second Amended Complaint.

the pleadings as to plaintiffs ERISA causes of action ("defendants' Motion").  They have also filed a separate motion for judgment on the pleadings as to plaintiffs FLSA cause of action.

## ARGUMENT

At the outset, defendants have argued that plaintiffs ERISA claims should be dismissed based on a failure to sufficiently plead standing.  In support of that argument, defendants have incorporated their arguments from their memorandum of law in support of their motion for judgment on the pleadings as to plaintiffs' FLSA claims.  In opposition, plaintiffs hereby incorporate their arguments asserted in their simultaneously filed memorandum of law in opposition to defendants' FLSA dismissal motion.

## I.  STANDARD OF REVIEW

As defendants acknowledge, a motion for judgment on the pleadings is measured by the same standard as a motion to dismiss under 12(b)(6).  *See Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n.3 (1st Cir. 2009) (citing *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 23 (1st Cir. 2009)).  Under that standard, "defendants have the burden of showing that the plaintiffs' claims are insufficient as a matter of law."  *E.g.*, *Nat'l Educ. Ass'n-R.I. v. Retirement Board of R.I. Employees' Retirement Sys.*, 890 F. Supp. 1143, 1150 (D.R.I. 1995).  This Court has called that burden "a heavy one."  *Stein v. Smith*, 270 F. Supp. 2d 157, 164 (D. Mass. 2003) (Lindsay, J.).  A complaint need only contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Indeed, even after *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the requirement is still notice pleading and as defendants correctly note, a complaint does not require detailed factual allegations.  *See Moreales-Tanon v. The Puerto Rico Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. Apr. 17, 2008).  Furthermore, in ruling on a motion to dismiss, all

allegations of material fact in the complaint are taken as true and viewed in the light most favorable to the plaintiffs.  *See Coyne v. City of Somerville*, 972 F.2d 440, 442-43 (1st Cir. 1992).

Here, plaintiffs have provided detailed allegations of defendants' breach of fiduciary duties and the resulting failure to maintain accurate records.  Specifically, plaintiffs allege that these duties were breached by defendants' failure to credit them with all of the hours of service they were entitled to be paid.  Thus, plaintiffs provide more than sufficient detail of their claims arising under ERISA, which, if proven, would entitle the plaintiffs to the relief they seek. Therefore the defendants' motion should be denied.

## II.     PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THE EXISTENCE OF ERISA PLANS PURSUANT TO WHICH DEFENDANTS HAVE FIDUCIARY OBLIGATIONS

As an initial matter, courts have established that the inquiry into whether or not a defendant has a fiduciary duty under an ERISA plan is primarily based upon the facts of the case, and accordingly, is inappropriate for resolution on a motion to dismiss because no discovery on such factual issues has yet taken place.  *Rosenburg v. Int'l Bus. Machs. Corp.*, No. C 06-0430 PJH, 2006 WL 1627108 at *3-5 (N.D. Cal. June 12, 2006) (whether an employer has a fiduciary duty under ERISA to properly pay is a primarily factual issue and such inquiry is "therefore inappropriate for resolution on a motion to dismiss").

Nevertheless, plaintiffs have alleged facts sufficient to conclude that defendants owe fiduciary obligations under ERISA.  To be sure, courts have held that an employer's failure to properly credit employees for all hours worked—as a necessary task for purposes of benefit calculation—constitutes a breach of fiduciary duty under ERISA.  *See Stickle v. SCI W. Mkt. Support Ctr.*, *L.P.*, No. CV 08-083-PHX-MHM, 2008 WL 4446539, at *19 (D. Ariz. Sept. 30, 2008) ("[u]nder ERISA, crediting hours is a fiduciary function, independent of the payment of

wages"); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, No. MDL No. 33-1439(B), 2005 WL 1972565, at *5 (D. Or. Aug. 15, 2005) (holding that crediting hours is a fiduciary duty under ERISA and denying defendants' motion to dismiss plaintiffs' breach of fiduciary duty cause of action); *see generally Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996) (demonstrating circumstances where employer acting as fiduciary).

Plaintiffs' amended complaint clearly sets forth allegations supporting the inference that defendants have fiduciary obligations under an ERISA plan. *See* Amend. Compl. ¶¶ 25, 37, 40-43, 60, 63-66, 74, 118-121. Accordingly, because plaintiffs sufficiently allege the legal duty that defendants owe to plaintiffs for the breach of fiduciary duty, plaintiffs' claims should not be dismissed.

### III.   PLAINTIFFS' RECORDKEEPING AND BREACH OF FIDUCIARY CLAIMS ARE NOT BASED ON NON-FIDUCIARY BUSINESS DECISIONS

Defendants argue that the inaccurate timekeeping records are part of a conscious "business decision" to not pay employees for all the time worked and can therefore not constitute an ERISA violation for failure to keep accurate records. Defendants also argue that they cannot be held liable for breach of fiduciary duty under ERISA because crediting hours is not a fiduciary function under ERISA. Both arguments fail, however, because as noted above, an employer's failure to properly credit employees for all hours worked—as a necessary task for purposes of benefit calculation—constitutes a breach of fiduciary duty.

As the court in *Stickle* correctly held, crediting hours is a necessary function to be performed by the Plan fiduciary in order "to determine participants' participation, vesting and accrual of rights." *See Stickle*, 2008 WL 4446539, at *19 (citing *Lockheed Corp. v. Spink,* 517 U.S. 882, 890 (1996). "As such, it is subject to ERISA's strict fiduciary standards." *Id.*

In reaching its decision, the *Stickle* court considered and rejected *Ballaris v. Wacker Siltronic Corp.,* 2002 WL 926272 (D. Or. Feb. 7, 2002), a case relied on by defendants here. The *Stickle* court rejected *Ballaris* because there, "the employer's decision concerning whether to pay wages for time employees spent preparing to work had 'only an extremely indirect connection to the administration of the ERISA plan[.]'" *See Stickle*, 2008 WL 4446539, at *18 (quoting *Ballaris,* 2002 WL 926272 at *2). The *Stickle* court also distinguished *Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2003 WL 23857822 (N.D. Cal. Nov. 4, 2003). *Veliz* involved "the decision of whether to characterize plaintiffs as non-hourly employees, rather than hourly employees, and thereby not keep record of plaintiffs' hours worked." *Stickle*, 2008 WL 4446539, at *18. The *Stickle* court agreed that such a decision could constitute a business decision not subject to ERISA's fiduciary standards, but noted that the question before it was not whether the decision to classify employees as exempt constituted a breach of fiduciary duties, but whether a plan administrator had breached its fiduciary duty to accurately credit hourly employees for all hours worked. The same question is at issue here.

Defendants rely on cases that, like *Veliz,* involved the misclassification of employees. Those cases should similarly be rejected here. For example, defendants rely heavily on *LePage v. Blue Cross & Blue Shield of Minn.,* No. 08-584, 2008 WL 2570815 (D. Minn. June 25, 2008). *LePage* involves the misclassification of employees (*LePage,* 2008 WL 2570815, at *7) and, as reasoned in *Stickle,* is unpersuasive here. Defendants also rely on *Zipp v. World Mortgage Co.,* 632 F. Supp. 2d 1117 (M.D. Fla. 2009) and *Steavens v. Elec. Data Sys. Corp.,* No. 07-14536, 2008 WL 3540070, *5-6 (E.D. Mich. Aug. 12, 2008). Those cases also involve misclassification of employees and are therefore inapposite. *See Zipp*, 632 F. Supp. 2d 1117 (holding that "the business decision whether to classify employees as 'exempt' or 'nonexempt' for FLSA overtime

purposes...does not render the claims based on that classification decision ERISA claims"); *Steavens,* 2008 WL 3540070, *5-6 (holding that the decision to pay employees on a salary basis was a business decision, and that a Plan administrator could not be expected to "investigate" such decisions as part of its fiduciary duty).

Cases involving misclassification do not apply here because plaintiffs in this case are not asking the court to "second guess" defendants' decision to classify them as nonexempt employees. Here, defendants have already made the business decision on how to pay plaintiffs, and plaintiffs do not challenge that business decision. Both parties here are in agreement that the plaintiffs are hourly employees who are entitled to overtime when they work over 40 hours in a week. Essentially, the conclusion that the failure to pay employees for overtime is a business decision, is limited to situations involving the decision to classify employees as "exempt" or "nonexempt." In cases like this one, however, not involving the classification of employees, but rather the incorrect crediting of non-exempt employees' hours and the corresponding failure to maintain accurate records sufficient to determine benefits, courts have concluded that proper crediting is part of an employer's fiduciary duties under ERISA.

As a result, defendants must now be held to the "strict fiduciary standards" placed on them by sponsoring and administering an employee benefit plan regulated by ERISA. *See Stickle*, 2008 WL 4446539, at *19. In short, plaintiffs have sufficiently alleged that defendants breached their fiduciary duties by failing to credit employees with all time they worked. Accordingly, plaintiffs' claims for failure to keep accurate records and breach of fiduciary duties may not be dismissed on the ground that they are based on non-fiduciary business decisions. At the very least, this issue involves questions of fact and cannot be determined on a motion to dismiss. *See Rosenburg*, 2006 WL 1627108, at *3-5.

## IV.   PLAINTIFFS' ALLEGATIONS SUPPORT THE INFERENCE THAT DEFENDANTS WERE NOT ADMINISTERING THE PLAN IN ACCORDANCE WITH ITS TERMS

Defendants argue that they cannot have breached any fiduciary duties because they simply administered the plan in accordance with its terms.  Specifically, defendants argue that, under the plain meaning of the Plan, there is no duty to make contributions based on wages that were not actually paid to a participant.  Defendants' argument is incorrect both factually and legally.

Factually, defendants argument is belied by their own submission, which demonstrates that an 'hour of service," for which contributions must be made, includes not only each hour for which the employee is paid, but also each hour for which an employee is *entitled to payment*. *See* Defs.' Br. p.11, n. 6.  Just because defendants dispute whether plaintiffs were entitled to payment for the off-the-clock work alleged in this case does not in any way entitle them to a determination, as a matter of law, that they were not required to make contributions for those hours of service.  On this ground alone, defendants' argument should be rejected.  Indeed, the only two cases cited by defendants to support their argument involved plans that required contributions on compensation actually paid and are thus inapplicable to the case at bar.  *See Zipp*, 632 F. Supp. 2d 1117; *Maranda v. Group Health Plan, Inc.*, Case No. 07-4655 DSD/SRN, 2008 WL 2139584 (D. Minn. May 20, 2008).

In any event, even if defendants correctly characterized the terms of the plan, their argument is legally unsound and should nevertheless be rejected.  *See Gerlach v. Wells Fargo &*

*Co.*, No. C 05-0585 CW, 2005 U.S. Dist. LEXIS 46788 (N.D. Cal. June 13, 2005).  In *Gerlach*,

the defendant made the same argument as the defendants here, relying on language in the plan

concerning the definition of compensation.   The plan in *Gerlach* defined compensation to

include "'all compensation paid to the Participant by the Participating Employer during a

particular calendar quarter for service as an Active Participant which is reportable on a Form W-

2.'"   *See Gerlach*, 2005 U.S. Dist. LEXIS 46788, at *4.   The court found the defendant's

argument to be unpersuasive:

> Under Defendant's interpretation of the Plan, a Plan participant
> could earn wages that qualify, under terms of the Plan, as certified
> compensation, but could be deprived of the corresponding pension
> credits if Defendant illegally withheld those wages.  The central
> allegation of the complaint, which must be accepted as true for
> purposes of this motion, is that Defendant violated the FLSA by
> not paying Plaintiff overtime wages for overtime work.  As
> Plaintiff argues, Defendant should not be permitted to create the
> illusion of establishing a pension benefit plan under ERISA, only
> to avoid thereafter the obligation to pay benefits by violating
> federal law.

*Gerlach*, 2005 U.S. Dist. LEXIS 46788, at *7-8.

The reasoning of *Gerlach* should be followed here.  Indeed, even if it were permissible

for an employer to define compensation to exclude unpaid wages and overtime, which it is not,

defendants' explanation of how compensation is defined in the Plan is inapposite of the common

law rules which govern the interpretation of ERISA plans.  *See Pilot Life Ins. Co. v. Dedeaux*,

481 U.S. 41, 56 (1987); *Varity*, 516 U.S. at 497; *Dobson v. Hartford Fin. Servs. Group, Inc.* 389

F.3d 386, 399 (2nd Cir. 2004); *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 330 (7th Cir.

2000) (holding that an ERISA plan is a type of contract, the meaning of which "is ordinarily

decided by the court, rather than by a party to the conference, let alone the party that drafted it").

Thus, as contracts, ERISA plans include, "not only the promises set forth in express words, but,

in addition, all such implied provisions as are indispensible to effectuate the intention of the parties and as arise from the language of the contact and the circumstances under which [they were] made." *Sacramento Navigation Co. v. Salz*, 273 U.S. 326, 329 (1927).

These federal common law rules of interpretation render defendants' very narrow definitions of "Compensation" and "Hours of Service" illogical.  When the rules are applied in context of the Plan as a whole and given reasonable meaning, the Plan's definition of compensation must include all base pay, overtime pay, shift differentials, annual incentive compensation and commissions that employees earned as a product of their working hours as defined by the applicable wage and hour statutes.  *See e.g.* Defs.' Br., Ex. A, p. 2, § 1.8. Although defendants argue that the proper interpretation is to ignore federal wage and hour laws and instead define compensation as merely the actual amounts paid, the governing principles of contract interpretation provide that the definition of compensation must take into account compliance with wage and hour laws.  Thus, the rules of ERISA contract interpretation dictate that defendants will pay its employees for their service in accordance with the applicable FLSA wage and hour laws, and that plaintiffs' benefits are determined by those wages.

Defendants' reliance upon *Bremer v. Hartford Life & Accident Ins. Co.*, 16 F. Supp. 2d 1057 (D. Minn. 1997), is easily distinguishable from the present case.  *Bremer* involved the granting of the defendants' motion for summary judgment, which the court concluded was proper only after the parties had performed discovery and developed a factual record which demonstrated the defendants' decision to deny benefits was reasonable.  However, in the present case it would be premature to dismiss plaintiffs' claims on a motion to dismiss where there has been no opportunity for discovery regarding how defendants' lack of compliance with wage and hour laws makes their denial of benefits reasonable in the context of the Plan's language.

## V.     PLAINTIFFS HAVE STATED A VALID CLAIM UNDER § 502(A)(3) AND WERE NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES

Defendants next argue that plaintiffs are seeking monetary damages, making their claims under § 502(a)(3)[2] improper.  Additionally, defendants assert that, because plaintiffs' are actually seeking benefits, their claims are subject to exhaustion.  As discussed below, plaintiffs are only seeking equitable relief, consistent with having brought their claims under § 502(a)(3), and because plaintiffs are not seeking benefits, the exhaustion requirements do not apply.

A.  Plaintiffs' Claims are Properly Brought Under § 502(a)(3)

Defendants argue that plaintiffs' claims should be dismissed because § 502(a) is not the appropriate vehicle for their claim.  As explained below, defendants' arguments fail because plaintiffs are seeking equitable relief, and civil remedies are permitted, making their recordkeeping claim brought pursuant to § 502(a) appropriate.

Courts permit plaintiffs to bring recordkeeping claims under § 1132 as it empowers plaintiffs to seek civil remedies for any violation of ERISA, including record-keeping violations. *See e.g.*, *Stickle,* 2008 WL 4446539, at *18 (allowing plaintiffs to state a recordkeeping claim under § 1132); *accord Rosenburg*, 2006 WL 1627108, at *8; *In re Farmers*, 2005 WL 1972565, at *3 (denying defendant's motion to dismiss plaintiffs' recordkeeping claims); *see also Fin. Inst. Ret. Fund v. Office of Thrift Supervision,* 964 F.2d 142, 148 (2d Cir.) ("§ 1132 essentially empowers beneficiaries to bring a civil action to redress *any* violation of the statute's fiduciary requirements").

Here, plaintiffs have made it clear that they seek an equitable remedy—proper crediting—not a payment of benefits under the plans.  As the complaint clearly sets forth, plaintiffs have *not* brought their claims under § 502(a)(3) seeking money damages, but seek

---

[2]      29 U.S.C. §1132(a)(3)

equitable relief for defendants' failure to fulfill their fiduciary obligations.  Thus, plaintiffs have appropriately brought their claims under § 502(a)(3) and courts routinely uphold recordkeeping claims under this provision.[3]  *See Rosenburg*, 2006 WL 1627108 at *7 (*citing Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996) (§ 502(a)(3) provides "appropriate equitable relief from any statutory violation for injuries caused by violations that § 1132 does not elsewhere adequately remedy")).

Indeed, at this stage, a suit for money damages for unpaid benefits under the plan would not be appropriate.  Thus, in contending that plaintiffs' claim could have been brought as a claim for unpaid funds under ERISA § 502(a)(1)(b), defendants fail to recognize that they have failed to credit plaintiffs for time worked or even investigate crediting overtime pay as compensation used to determine benefits, as such benefits have yet to be calculated.   Plaintiffs' complaint is clear that any present violation is with respect to crediting time worked, and any actual benefits due are thus not ascertainable at this time.   Accordingly § 502(a)(1)(b) could not provide the appropriate remedy.

Defendants rely on *Premick v. Dick's Sporting Goods, Inc.*, No. 02:06cv0530, 2007 WL 141913 (W.D. Pa. Jan. 18, 2007), in support of their argument.  In the first instance, the entire ERISA discussion in *Premick* is dicta inasmuch as the Court dismissed the underlying FLSA claims and did not need to analyze the ERISA claims.  *Id.* at *6.  Therefore, its value as even persuasive authority is minimal.   Second, for the reasons stated above, it is respectfully

---

[3]      Thus, defendants' argument regarding whether a private cause of action may be brought under § 209(a) is of no moment.  Assuming, *arguendo*, that they are correct, plaintiffs' may maintain their § 209(a) claims under § 1132.  *See generally Trustees of Chicago Painters & Decorators Pension Health & Welfare, and Deferred Sav. Plan Trust Funds v. Royal Int'l Drywall & Decorating, Inc.,* 493 F.3d 782, 786 (7th Cir. 2007) ("[S]imply maintaining time sheets, however, is not enough to comply with the statute unless the time sheets are sufficient to determine the *actual* hours worked, and thus the benefits due).

submitted that the *Premick* court's characterization of the plaintiff's claims there as claims for benefits is incorrect and against the weight of authority.  It should therefore not be followed here.

   B.  <u>Plaintiffs Were Not Required to Exhaust Administrative Remedies</u>

      Defendants also argue that plaintiffs' ERISA claims should be dismissed for failure to allege the exhaustion of administrative remedies on the ground that plaintiffs' claims are really claims for benefits.  As explained above, plaintiffs are not seeking benefits at this stage.

      Further, plaintiffs are not required to exhaust administrative remedies for claims arising from violations of substantive statutory provisions such as 29 U.S.C. § 1104(a) and 29 U.S.C § 1132(a)(3).  *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 253 (3d Cir. 2002) (citing *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 891 (3d Cir. 1986)) (court recognizes that administration exhaustion not required for claims brought under ERISA, 29 U.S.C. §1104(a)); *Rosenburg*, 2006 WL 1627108, at *8 (citing *Horan v. Kaiser Steel Ret. Plan*, 947 F.2d 1412, 1416 n.1 (9th Cir. 1991)) ("[B]ecause… plaintiffs appropriately brought their claims under ERISA's catchall provision, this issue [of exhaustion] is moot.  Exhaustion is not required under § 1132(a)(3)").

      However, in the event this Court finds that plaintiffs' claims are seeking recovery for unpaid benefits under the Plans, plaintiffs were not required to exhaust the administrative remedies before bringing this suit because such recourse would be futile and inadequate.

      "The purposes of the exhaustion requirement are to '(1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard and not de novo.'"  *Stewart v. NYNEX Corp.*, 78 F. Supp. 2d 172, 183 (S.D.N.Y. 1999) (citing

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)).  However, if plaintiffs can make a "clear and positive" showing of futility, the "purposes behind the requirement of exhaustion are no longer served" and there is no exhaustion requirement.  *Id.* (citing *Kennedy*, 989 F.2d at 594-95).

Here, plaintiffs can make such a clear and positive showing.  As described above, plaintiffs' claims do not stem from the non-payment of benefits, which could be remedied by the plan's administrative process.  Rather, defendants' failure to properly account hours and pay employees for hours they worked has resulted in inaccurate payroll records from which credits under the Plan are derived; therefore, there is presently no contested benefit decision to take up with the Plan.

Further, plaintiffs presently have no administrative recourse within the Plans for a proper accounting and crediting of such hours because defendants have not maintained the records to do so.  As such, no administrative plan proceedings would make plaintiffs whole, and such proceedings would be futile.  *See e.g., Stickle*, 2008 WL 4446539, at *17 (finding it "would be futile to exhaust administrative duties with the Plan because the Plan has not received adequate accounting").  However, this suit will provide an effective means for determining the existence of a violation and for providing an adequate remedy as the facts require.  Administrative exhaustion would not do so, and thus dismissal is not appropriate.

## VI.    PLAINTIFFS' ERISA CLAIMS ARE RIPE

Courts routinely hold that a plaintiff's ERISA claims are ripe and fit for review, even when dependent upon the plaintiffs' FLSA claims.  *See Rosenburg*, 2006 WL 1627108 at *8-9 (court refused to dismiss plaintiff's ERISA claims, and found them ripe despite the fact that they were dependent upon plaintiff's FLSA claims); *Gerlach v. Wells Fargo & Co.*, No. CV 05-0585

CW, 2007 WL 163189 (N.D. Cal. Apr. 29, 2005) (court refused to grant motion to dismiss ERISA claims that were dependent on the final disposition of unpaid overtime claims, and found the ERISA claims fit for review); *In re Farmers*, 2005 WL 1972565 at *5 (court refused to dismiss the plaintiff's ERISA claims even though those claims were dependent on overtime liability claims against defendant).

Accordingly, plaintiffs' ERISA claims are ripe despite their dependence on the final resolution of the FLSA claims, and defendants' motion to dismiss should be denied.

## VII. PLAINTIFFS REQUEST THE OPPORTUNITY TO RE-PLEAD IF NECESSARY

In the event the Court determines that additional allegations are necessary for any of plaintiffs' ERISA claims, plaintiffs respectfully request an opportunity to re-plead. *See Foman v. Davis*, 371 US 178, 182 (1962); *see also Spear v. Somers Sanitation Serv.*, 162 F.R.D. 1, 2-4 (D. Mass. 1995) (granting plaintiffs leave to amend in order to afford him "an opportunity to test his claim on the merits").

## CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings as to plaintiffs' ERISA causes of action should be denied.

Dated: January 14, 2011

Respectfully submitted,
PATRICIA CAVALLARO, et al.,
and all others similarly situated

By their attorneys,
/s/ Patrick J. Solomon
Patrick J. Solomon (admitted *pro hac vice*)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
(585) 272-0540
psolomon@theemploymentattorneys.com

-15-

Jody L. Newman (BBO No. 542264)
DWYER & COLLORA LLP
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000
jnewman@dwyercollora.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been filed through the ECF system on January 14, 2011, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 14, 2011                                   /s/ Patrick J. Solomon