UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICIA CAVALLARO and MONIQUE HERMAN, on behalf of themselves and all other employees similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-40152-FDS |
| UMASS MEMORIAL HEALTH CARE INC.; UMASS MEMORIAL HOSPITALS, INC.; UMASS MEMORIAL MEDICAL CENTER, INC.; HEALTHALLIANCE HOSPITALS, INC.; MARLBOROUGH HOSPITAL; THE CLINTON HOSPITAL ASS'N; WING MEMORIAL HOSPITAL CORP.; JOHN O'BRIEN; PATRICIA WEBB; and UMASS MEMORIAL HEALTHCARE 401K, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

**SAYLOR, J.**

This is an employment dispute about compensation for extra time worked. Plaintiffs Patricia Cavallaro and Monique Herman, on behalf of themselves and all other employees similarly situated, brought suit against various related hospitals and health-care providers and two health-care executives. They contend that defendants employ a variety of policies to deny them compensation for time worked during meal breaks, before and after shifts, and at training sessions. The complaint seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201 *et seq.* (Count 1); the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Counts 2 and 3); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (Count 4).  On July 2, 2010, the Court granted defendants' motion to dismiss the RICO claim.  Pending before the Court are defendants' motions for judgment on the pleadings as to the claims under the FLSA and ERISA.  For the following reasons, the motions will be granted.

I.      **Background**

Plaintiffs Patricia Cavallaro and Monique Herman—the two named plaintiffs—are employed by one or more defendants (the complaint does not indicate which) and are paid by the hour.  They purport to represent a class of some 13,000 similarly situated individuals.[1] Defendants UMass Memorial Health Care, Inc.; UMass Memorial Hospitals, Inc.; UMass Memorial Medical Center, Inc.; HealthAlliance Hospitals, Inc.; Marlborough Hospital; Clinton Hospital Association; and Wing Memorial Hospital Association are hospitals and health-care providers; defendants John O'Brien and Patricia Webb are executive officers of UMass Memorial Health Care; and defendant UMass Memorial Healthcare 401K is an ERISA-governed retirement plan.

The complaint alleges that defendants have violated various statutory duties by failing to

---

[1] According to the complaint, the class of hourly employees includes, without limitation, "secretaries, housekeepers, custodians, clerks, porters, food service hosts, registered nurses, licensed practical nurses, nurses aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse techs, trainers, transcriptionists, occupational therapists, occupational therapy assistants, physical therapists, physical therapy assistants, radiation therapists, staff therapists, angiotechnologists, x-ray technicians, CAT scan technicians, mammographers, MRI technologists, sleep technologists, surgical technologists, radiographers, phlebotomists, and other health care workers."  (Compl. ¶ 95).

compensate plaintiffs for all time worked. According to plaintiffs, defendants have engaged in at least three unlawful practices: (1) automatically deducting time from each employee's paycheck for meal breaks, even if the employee does not actually receive such a break; (2) failing to compensate employees for work completed before and after their shifts; and (3) failing to compensate employees for time spent attending training sessions.

Plaintiffs filed the original complaint on September 3, 2009, alleging causes of action under the FLSA (Count 1), ERISA (Counts 2 and 3), and RICO (Count 4). The complaint includes class-action allegations, but no class has yet been certified. In July 2010, the Court granted defendants' motion to dismiss the RICO claim. Plaintiffs' second amended complaint was filed in January 2011. It seeks injunctive and declaratory relief and monetary damages. Currently pending before the Court are defendants' motions for judgment on the pleadings on the FLSA and ERISA claims.

## II. Analysis

### A. Standard of Review

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005). The court "must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998). However, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at

555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). The court will allow defendants' motion for judgment on the pleadings if plaintiffs' well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

### B. FLSA Claim

An employee who alleges a violation of the minimum wage or overtime compensation provisions of the FLSA has standing to sue her employer. 29 U.S.C. §§ 206, 207, 216(b). In a putative class action under the FLSA, as in any other class action, the named plaintiff must individually fulfill the standing requirement at the time of filing before she may represent a class of employees. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 522 F.3d 6, 13-14 (1st Cir. 2008); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000). Inclusion of class allegations does not relieve a plaintiff of alleging that she has suffered an injury in fact, fairly traceable to the challenged action of the defendants, that may be redressed by a decision in her favor. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining the elements of Article III standing); *Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Unless [plaintiffs] can . . . demonstrate the requisite case or controversy between themselves personally and [defendants], 'none may seek relief on behalf of himself or any other member of the class.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))).

Defendants contend that plaintiffs have failed to allege facts sufficient to establish

standing. The FLSA applies to employment relationships between employers and employees; defendants maintain that the complaint contains no facts that state or suggest that each of the ten defendants is the employer of the two named plaintiffs. Accordingly, defendants argue that the causation element of standing is absent, as there is no indication that any of the alleged FLSA violations is fairly traceable to the defendants as the named plaintiffs' employers. Plaintiffs insist that they have sufficiently alleged that the corporate defendants either are their joint employers, simultaneously responsible for the alleged FLSA violations, or are sufficiently interrelated that they may be considered a single employer. With respect to the individual defendants, plaintiffs maintain that the complaint likewise alleges sufficient facts to bring them within the scope of an "employer" under the FLSA.

### 1. Overview of Employer Status under the FLSA

The FLSA requires every employer to pay its employees a minimum hourly wage and overtime compensation for more than forty hours per week of work. 29 U.S.C. §§ 206, 207. An "employee" under the FLSA is "any individual employed by an employer." *Id.* § 203(e)(1). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). "To employ" means "to suffer or permit to work." *Id.* § 203(g). Courts have long construed these definitions as encompassing an expansive scope of coverage for a variety of employment relationships. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728-29 (1947); *United States v. Rosenwasser*, 323 U.S. 360, 362 (1945) (explaining that, with regard to the scope of the FLSA, "[a] broader or more comprehensive coverage of employees within the stated categories would be difficult to frame"). The broad interpretation of these terms furthers the remedial purposes of the FLSA. *Baystate Alt. Staffing, Inc. v. Herman*,

5

163 F.3d 668, 675 (1st Cir. 1998) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

To determine whether an entity or individual is an "employer" under the FLSA, courts look to the "economic reality" of the employment relationship instead of a common-law conception of agency. *See Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007); *Donovan v. Agnew*, 712 F.2d 1509, 1510, 1513 (1st Cir. 1983). The analysis focuses on whether an employee is economically dependent on the employer rather than on technical concepts of employment. *Goldberg*, 366 U.S. at 33; *Baystate Alt. Staffing*, 163 F.3d at 675. Under this approach, courts have concluded that an employee may have multiple employers simultaneously responsible for compliance with the FLSA. *E.g.*, *Chao*, 493 F.3d at 34; *Baystate Alt. Staffing*, 163 F.3d at 675 (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)); *Agnew*, 712 F.2d at 1510. Likewise, under some circumstances, corporate officers may be considered employers subject to personal liability for FLSA violations. *Chao*, 493 F.3d at 34; *Baystate Alt. Staffing*, 163 F.3d at 678; *Agnew*, 712 F.2d at 1513-14. The tests for determining whether a corporate entity or an individual officer is an employer under the FLSA differ. *See, e.g.*, *Baystate Alt. Staffing*, 163 F.3d at 674-79.

Before turning to plaintiffs' theories for the existence of an employment relationship, the Court pauses to identify the allegations in the complaint that are not entitled to an assumption of truth. *See Iqbal*, 129 S. Ct. at 1950. As the Supreme Court explained in *Ashcroft v. Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555. With respect to defendants' employer status, the complaint contains at least four conclusory legal assertions: the

statements (1) that "defendants are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other" (Compl. ¶ 25); (2) that "Mr. O'Brien is liable to Plaintiffs because of his active role in operating the business, his status as an employer, and/or according to federal law" (Compl. ¶ 50); (3) that "Ms. Webb is liable to Plaintiffs because of her active role in operating the business, her role in the violations complained of in this action, her status as an employer, and/or otherwise according to federal and state law" (Compl. ¶ 73); and (4) that "[a]t all relevant times, [plaintiffs] were employees under the FLSA" (Compl. ¶ 75). Such statements assert mere legal conclusions regarding the status of defendants as employers or plaintiffs as employees, and therefore will not be assumed true. *See Iqbal*, 129 S. Ct. at 1950. Absent accompanying factual allegations, the legal conclusions are insufficient to establish that defendants are the employers—joint, single, individual, or otherwise—of plaintiffs.

### 2. Corporate Defendants' Employer Status

Plaintiffs offer two theories as to why each of the eight corporate defendants is their employer. First, they contend that they are jointly employed by the corporate defendants. On a joint employment theory, separate legal entities may all simultaneously retain responsibility for fulfilling FLSA obligations. In the alternative, plaintiffs contend that the corporate defendants are collectively a "single employer," and urge the Court to assess defendants' corporate interrelation with an "integrated enterprise" analysis. *See Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 197-98 (2d Cir. 2005) (discussing differences between the single-employer liability theory and the joint-employer liability theory).

In *Baystate Alternative Staffing*, the First Circuit adopted a four-factor test for determining whether a corporate entity is a joint employer under the FLSA. *See* 163 F.3d at 675.

The factors include "whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of employment; and (4) maintained employment records." *Baystate Alt. Staffing*, 163 F.3d at 675 (adopting the factors outlined in *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469-70 (9th Cir. 1983)).

The complaint plainly fails to allege that the corporate defendants are joint employers under this test. It does not contain a single factual allegation connecting plaintiffs with any of the corporate defendants. With respect to the first factor, the complaint simply alleges, "upon information and belief," that Mr. O'Brien and Ms. Webb "make decisions that concern . . . hiring and firing of Plaintiffs." (Compl. ¶ 33; *see also id.* ¶¶ 44, 56). If the four-factor joint employment analysis applied to officers' personal liability under the FLSA, these allegations would support the contention that Mr. O'Brien and Ms. Webb are plaintiffs' employers. But it does not, and there are no other allegations concerning which of the eight corporate defendants hired them and which has the power to fire them.

Nor have plaintiffs alleged when they began working, what position they hold, or which defendants supervise their daily work schedules. Plaintiffs have alleged no facts as to the location at which they work, what they do at work, or what tasks they perform. They have not alleged that any of the corporate entities make decisions regarding their compensation or method of employment. And they have not alleged that their employment records are maintained by any of the defendants. In light of their failure to allege any specific facts in support of a theory of joint employment, there is no plausible basis for an inference that all of the defendants caused the

alleged FLSA violations that plaintiffs suffered.[2]

Plaintiffs alternatively offer a "single employer" theory, under which "nominally separate companies may be so interrelated that they constitute a single employer." *Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 41 (1st Cir. 2007). To assess single-employer status, courts use an "integrated-enterprise" test, which examines four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. *See Romano v. U-Haul Int'l*, 233 F.3d 655, 662 (1st Cir. 2000). The test was originally formulated in the context of the National Labor Relations Act, *see Radio & Television Broad. Technicians Local 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965) (per curiam), but has since been applied to analyze employer status in the contexts of Title VII of the 1964 Civil Rights Act, *see Torres-Negrón*, 488 F.3d at 41; the Americans with Disabilities Act, *see id.* at 43; and the Family and Medical Leave Act, *see Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 4-5 (1st Cir. 2006), among others.

The parties dispute whether the integrated-enterprise test may be used to assess employer status under the FLSA. Defendants maintain that the *Baystate Alternative Staffing* test for joint employment is the exclusive test for determining employer status under the FLSA. Citing to *Anderson v. Theriault Tree Harvesting, Inc.*, 2010 WL 323530, at *10-11 (D. Me. Jan. 20, 2010), plaintiffs contend that the scope of the term "employer" under the FLSA is broad enough to encompass the concept of single-employer liability.

The Court need not resolve the issue of whether several corporate defendants may be

---

[2] The complaint contains numerous allegations regarding defendants' employees in general. But these vague allegations do not suggest that *plaintiffs* are defendants' employees or that the parties share any kind of employment relationship.

9

considered a single employer under the FLSA. Even assuming that they may, plaintiffs have not alleged sufficient facts to suggest that even *one* of the defendants is their employer. The single-employer theory of liability typically arises when one entity is a plaintiff's legal employer, but the plaintiff seeks additionally to hold another entity liable because of corporate interrelation. *See Arculeo*, 425 F.3d at 198 ("[U]nder [the single-employer] theory . . . an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer."). But here, as previously discussed, plaintiffs have not alleged facts that establish that any one of the individual defendants is their nominal employer. Without the foundation for in the first instance identifying which defendant is plaintiffs' legal employer, it would serve no purpose to inquire into whether the other seven corporate defendants are sufficiently interrelated so as to constitute one integrated employer.[3]

### 3.     Individual Defendants' Employer Status

A corporate officer may be deemed an "employer" under the FLSA and held jointly and severally liable for unpaid wages. *See Chao*, 493 F.3d at 34; *Baystate Alt. Staffing*, 163 F.3d at 678; *Agnew*, 712 F.2d at 1511, 1514. The "economic reality" test also governs the analysis for determining whether individuals are employers under the FLSA, but focuses on "the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer

---

[3] For this reason, plaintiffs' allegations that defendants constitute an integrated health-care system; have centralized data systems, record systems, labor relations, and human resources; maintain system-wide policies; share common management; and have common ownership are beside the point. (*See* Compl. ¶¶ 20-24). Plaintiffs must sufficiently allege that they have an employment relationship with at least one of the corporate entities before the interrelationship with the other seven corporate entities may be considered.

the payment of other obligations and/or the retention of profits." *Baystate Alt. Staffing*, 163 F.3d at 678.[4]

Implicit in the analysis is the assumption that the entity for which plaintiffs work is identifiable. Before the Court can determine if an officer exerted control over employee compensation (and, by extension, plaintiffs' compensation) within a corporate entity, it must be possible to identify which entity employed plaintiffs and the individual defendants. *See Chao*, 493 F.3d at 34; *Baystate Alt. Staffing*, 163 F.3d at 678. Plaintiffs allege that "John O'Brein [sic] is the President and [CEO] of 'UMass.'" (Compl. ¶ 26). "UMass" is a term used in the complaint to refer to the eight corporate defendants and several other affiliated entities. (*See id.* ¶ 17). But it is not apparent from the complaint whether Mr. O'Brien is the President and CEO of each of the eight corporate defendants (including the pension plan), or if not, for which one he works. The same defect exists with respect to the allegations concerning Ms. Webb's position. Plaintiffs allege that Ms. Webb is the Senior Vice President and Chief Human Resources Officer of "UMass," but do not offer more specific allegations. (*See id.* ¶ 51).

The only allegations connecting Mr. O'Brien and Ms. Webb to plaintiffs are the statements concerning their authority over plaintiffs' hiring and firing. (*See* Compl. ¶¶ 33, 44, 56). There are numerous allegations about Mr. O'Brien and Ms. Webb's responsibilities for the aggregated corporate defendants. (*See id.* ¶¶ 26-73). But plaintiffs do not allege facts that plausibly support an inference that they were employed by any of the eight corporate entities, or that the individual

---

[4] The elements relevant to the personal liability analysis include the officer's (1) ownership interest in the corporation, (2) degree of operation control over the corporation's daily functions, financial affairs, and compensation practices, and (3) role in the corporation's determination to compensate (or not compensate) employees in accordance with the FLSA. *Chao*, 493 F.3d at 34; *Baystate Alt. Staffing*, 163 F.3d at 677-78. Because the complaint does not sufficiently allege which corporate entity employed plaintiffs, the Court need not assess whether the complaint alleges fact to support these factors as to the individual defendants.

defendants exerted financial and operational control over any entity for which they were employed. Without more specific factual allegations connecting the entity that employed plaintiffs to the entity for which the officers made employee compensation decisions, plaintiffs cannot establish that Mr. O'Brien or Ms. Webb was their employer under the FLSA.

### 4. **Summary**

Plaintiffs have failed to make plausible allegations that any of the eight corporate defendants is their employer under the FLSA—under either a joint- or single-employer theory. They have also failed to make plausible allegations that either of the two individual defendants is their employer under the statute. Absent any facts that hint at an employment relationship between plaintiffs and defendants, there simply is no basis for an inference that the alleged FLSA violations are fairly traceable to defendants' actions. Accordingly, there is no standing to sue and this Court lacks jurisdiction over the matter.[5]

This conclusion is in accord with other district courts' treatment of nearly identical putative class action complaints. Plaintiffs' counsel has filed at least twenty-nine strikingly similar versions of the complaint at issue in this case against different agglomerations of health-care providers—five in this district alone. *See Manning v. Boston Med. Ctr. Corp.*, 2011 WL 796505, at \*2 n.3 (D. Mass. Feb. 28, 2011) (Zobel, J.) (listing cases). As Judge Zobel recently observed,

---

[5] Plaintiffs also contend that their claims may be saved by operation of the juridical link doctrine. Under this doctrine, plaintiffs (named and unnamed) in a class action with an identical injury may pursue a claim against defendants who participated in a common conspiracy or method of dealing, even if some defendants did not directly injure the named plaintiffs. *See, e.g.*, *Payton v. County of Kane*, 308 F.3d 673, 678-79 (7th Cir. 2002); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973); *Alves v. Harvard Pilgrim Health Care Inc.*, 204 F. Supp. 2d 198, 205-06 (D. Mass. 2002). But the doctrine is inapplicable in this case. A prerequisite to permitting a named plaintiff's claims to go forward against all juridically-related defendants is standing as to at least one of the defendants. Because of the pleading deficiencies, plaintiffs have not met this threshold requirement.

the failure to allege "even the most basic information about their claims,"—such as where plaintiffs work and what their jobs are—renders the complaint a mere "aggregation of conclusory statements and general allegations." *Manning*, 2011 WL 796505, at *2. Judge Crotty, assessing four complaints virtually identical to the one in this case, observed that because "the complaints contain no more than mere boilerplate assertions of various legal conclusions," they cannot survive a motion to dismiss. *Nakahata v. New York -Presbyterian Healthcare Sys., Inc.*, 2011 WL 321186, at *6 (S.D.N.Y. Jan. 28, 2011). He continued, "The very fact that this boilerplate complaint has been used, with identically vague and conclusory allegations . . . is a vivid demonstrative of how not to plead. The generality of the boilerplate is at war with the requirement that sufficient facts be alleged to make the claim plausible." *Id.*; *accord DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 2011 WL 899296, at *6-8 (E.D.N.Y. Mar. 16, 2011) (dismissing plaintiffs' FLSA claims in another virtually identical complaint for failure to allege specific facts regarding the challenged policies).

This Court agrees, and will, for the reasons stated, grant defendants' motion for judgment on the pleadings. Under different circumstances, the Court would consider providing plaintiffs an opportunity to amend their complaint to cure the deficiencies. But plaintiffs have already filed two amended complaints—the second of which was filed several months after defendants filed motions for judgment on the pleadings pointing out the standing defects. The clear inference is that plaintiffs have made a deliberate choice not to cure the problem. Under the circumstances, the Court will grant the motion for judgment on the pleadings on the FLSA claim.

### C.     ERISA Claims

Plaintiffs' claims under ERISA are based on their participation in the UMass Memorial

Health Care 401(k) pension plan. Count 2 alleges that because of the three challenged policies, defendants failed to keep accurate records of hours worked by plaintiffs in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1). Count 3 alleges that defendants breached their fiduciary duty under the retirement plan to credit all hours worked by plaintiffs, which violated ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). They seek equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Because plaintiffs' allegations are insufficient to establish standing under the FLSA, the ERISA claims also must be dismissed. The theory of the ERISA claims is that defendants violated a fiduciary duty by failing to credit plaintiffs' retirement plans for time spent working during meal breaks, before and after shifts, and during training sessions; and that defendants failed to keep accurate records of the hours worked. But if plaintiffs cannot prevail on their claims regarding overtime compensation practices, they cannot establish that defendants failed to maintain an accurate record of additional hours worked or to make contributions based on the hours to the plan. Success on the FLSA claim therefore is a predicate to success on the ERISA claims. Because plaintiffs' FLSA claim will be dismissed, the ERISA claims must also be dismissed, and the Court need not reach the merits of the claims. *See Pruell v. Caritas Christi*, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010) (dismissing plaintiffs' ERISA claims as derivative of an FLSA claim in a substantially similar case); *cf. Manning*, 2011 WL 796505, at *2 (dismissing plaintiffs' ERISA claims with prejudice for failure to allege any violation of a management decision made by a fiduciary acting within its discretionary authority, and stating that the substance of the complaint "ha[s] nothing to do with ERISA"). Defendants' motion for judgment on the pleadings as to the ERISA counts will accordingly be granted.

### III.     Conclusion

For the foregoing reasons, defendants' motions for judgment on the pleadings as to the claims under the FLSA (Count 1) and ERISA (Counts 2 and 3) are GRANTED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: June 8, 2011 | United States District Judge |