IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA CAVALLARO, on behalf of herself and all other employees similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL CENTER, INC.,<br><br>DEFENDANT. | Civil Action<br><br>No. 4:09-cv-40152-FDS |

## [PROPOSED] ORDER AUTHORIZING NOTICE OF THE PROPOSED SETTLEMENT AND NOTICE OF FINAL FAIRNESS HEARING

This matter comes before the Court on the Plaintiff's Unopposed Motion for Preliminary Review and Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing And Incorporated Memorandum Of Law ("Plaintiff's Motion").

Plaintiff Patricia Cavallaro ("Plaintiff") asserts claims against UMass Memorial Medical Center, Inc. ("Defendant" or "UMMMC") on behalf of current and former non-exempt, clinical[1] employees of Defendant in the above-styled action ("Litigation"). For purposes of settlement only, Plaintiff seeks the certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23: the "RULE 23 SETTLEMENT CLASS," which refers to any and all non-exempt, clinical employees of Defendant at any time during the three years immediately preceding the date of this Order Authorizing Notice of

---

[1] "Clinical" positions shall refer to those positions listed in Exhibit 6 to the Settlement Agreement, with the Settlement Agreement having been filed as Exhibit A to the Motion for Preliminary Review.

the Proposed Settlement and Notice of Final Fairness Hearing. For purposes of settlement only, Plaintiff also seeks conditional certification of an opt-in settlement class pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"): the "FLSA SETTLEMENT CLASS," which refers to any and all non-exempt, clinical employees of Defendant at any time during the three years immediately preceding the date of this Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing.

Plaintiff has requested that the Court enter an Order: (i) granting Plaintiff's request to amend the Third Amended Complaint by filing a Fourth Amended Complaint in the Litigation and granting Defendant fourteen (14) calendar days from the entry of this Order to file an Answer to the proposed Fourth Amended Complaint; (ii) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of the Settlement Agreement; (iii) authorizing notice to the Settlement Classes of the proposed settlement set forth in the Settlement Agreement (or as the same may be modified by subsequent mutual agreement of the Parties) as adequate, fair, and reasonable and in the best interests of Plaintiff, members of the Settlement Classes including Opt-in Plaintiffs, and Non-UMMMC Opt-in Plaintiffs; (iv) preliminarily certifying pursuant to Fed. R. Civ. P. 23 and the FLSA the Settlement Classes for purposes of settlement only; (v) appointing Patricia Cavallaro as "Plaintiff," who together with Class Counsel, shall be authorized to act on behalf of Plaintiff, Opt-In Plaintiffs, members of the Settlement Classes, and Non-UMMMC Opt-in Plaintiffs with respect to the Litigation and the Settlement Agreement; (vi) appointing Class Counsel as counsel for the Settlement Classes pursuant to Fed. R. Civ. Pro. 23(g) and authorizing notice that Class Counsel requests 33.33% in attorneys' fees, as well as requests recovery of Class

Counsel's expenses and costs; (vii) appointing Class Action Administration, Inc. ("CAA") as the Claims Administrator; (viii) approving the form and content, and authorizing distribution of the Settlement Notice (Exhibit 7 to the Settlement Agreement) and Claim Forms (Exhibits 2 to 5 to the Settlement Agreement) and setting a forty-five (45) calendar day deadline for the execution and return of Claim Forms, filing of objections, or opting-out; (ix) requiring Current Employees as of the Court's entry of this Order who wish to participate in the settlement to complete the Current Employee Certification and comply with the requirements therein; and (x) setting the hearing date for the Final Fairness Hearing.

Having reviewed and considered the Settlement Agreement and accompanying exhibits, Plaintiff's Motion, all declarations filed in support of Plaintiff's Motion, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

### ORDER DEEMING THE AMENDED COMPLAINT FILED

1. The Court hereby grants Plaintiff's request to file the proposed Fourth Amended Complaint attached as Exhibit E to Plaintiff's Motion, and deems it filed. The Court hereby grants Defendant fourteen (14) calendars days from the entry of this Order to file its Answer to Plaintiff's Fourth Amended Complaint.

## ORDER AUTHORIZING NOTICE OF THE SETTLEMENT AGREEMENT

2. The Court has jurisdiction over the claims alleged in the Litigation, the Parties in the Litigation, and the implementation and administration of the Parties' Settlement Agreement.

3. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

4. For the purposes of settlement only, the Court appoints Patrick J. Solomon and Jessica Witenko of Thomas & Solomon LLP, and Jody L. Newman of Collora LLP as "Class Counsel" pursuant to Fed. R. Civ. P. 23(g). Class Counsel have extensive knowledge in litigating wage and hour collective and class actions such as this, are familiar with the complex factual and legal questions at issue in this Litigation, and will adequately represent the Plaintiff and members of the Settlement Classes in a comprehensive and vigorous manner.

5. For the purposes of settlement only, the Court appoints Patricia Cavallaro as "Plaintiff," as the term is defined in the Settlement Agreement. Plaintiff, together with Class Counsel, is hereby authorized to act on behalf of Plaintiff, Opt-In Plaintiffs, members of the Settlement Classes, and Non-UMMMC Opt-in Plaintiffs with respect to the Litigation and this Settlement Agreement.

## PROVISIONALLY CERTIFYING SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES ONLY

6. On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance

with the terms of the Settlement Agreement (the "Rule 23 Settlement Class"). The "Rule 23 Settlement Class" is defined as: any and all non-exempt, clinical employees of Defendant at any time during the three years immediately preceding the date of this Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing.

7. On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Section 216(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement (the "FLSA Settlement Class"). The "FLSA Settlement Class" is defined as: any and all non-exempt, clinical employees of Defendant at any time during the three years immediately preceding the date of this Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing.

8. As provided for in the Settlement Agreement, if this Court does not grant final approval of the proposed settlement set forth in the Settlement Agreement, or if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Settlement Classes provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, and the Fourth Amended Complaint shall be withdrawn.

9. The Court finds that for settlement purposes only the Settlement Classes satisfy the requirements of Fed. R. Civ. Pro. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that there are questions of law and fact common to them in this Litigation; the claims of the named Plaintiff are typical of

the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the named Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the proposed class members. There are no conflicts of interest between members of the Settlement Classes. The Settlement Classes also satisfy the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and class action is superior to any other available method for the fair and efficient settlement of this controversy. Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

10. The Court orders the following claims are certified for settlement purposes only: the FLSA, 29 U.S.C. § 201 *et seq.*, and state common law claims for breach of contract.

### APPROVING FORM, CONTENT, AND AUTHORIZING DISTRIBUTION OF SETTLEMENT NOTICE AND CLAIM FORMS

11. The Court approves as to form and content the Settlement Notice (Exhibit 7 to the Settlement Agreement) and Claim Forms (Exhibits 2 to 5 to the Settlement Agreement), and authorizes distribution of the same. The proposed Settlement Notice clearly and accurately describes the nature of the Litigation, the definition of the classes certified for settlement purposes herein, and the Plaintiff's claims and Defendant's defenses. The Settlement Notice apprises members of the Settlement Classes of their ability to opt-in or opt-out of the Settlement Agreement or object to it.

12. Any member of the Rule 23 Settlement Class wishing to opt-out shall sign and timely submit a written notice of such intent to a designated Post Office box

established by the Claims Administrator, as set forth in the Settlement Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class and comply with the requirements set forth in the Settlement Notice. To be effective, this written request for exclusion must be received on or before 45 calendar days after the Settlement Notice and Claim Forms are post-marked and mailed to the members of the Settlement Class.

13. All members of the Rule 23 Settlement Class who do not request to be excluded shall be bound by all terms and conditions of the Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement. All members of the Rule 23 Settlement Class who submit valid and timely notices of their intent to be excluded from the Rule 23 Settlement Class shall not receive any settlement payment nor be bound by the terms of the Settlement Agreement.

14. Members of the Settlement Classes who wish to participate in the settlement shall send to the Claims Administrator a Claim Form so that it is received by the Claims Administrator on or before 45 calendar days after the Settlement Notice and Claim Forms are post-marked to members of the Settlement Classes. The Claim Form must be completed in accordance with the instructions on the Claim Form and comply with the requirements set forth in the Settlement Notice. All members of the Settlement Classes who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement

Agreement but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

15.     Each member of the Settlement Classes wishing to object to the settlement shall submit a timely written notice of his or her objection, which shall set forth the individual's full name, address, date of birth, and dates of employment with Defendant; reasons for his or her objection, legal support for each objection, and any documentation supporting each objection, the name and title of the Litigation, and further provide notice as to whether the objector intends to appear at the Final Fairness Hearing, and an entry of appearance.  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210 on or before 45 calendar days after the mailing date of the Settlement Notice and Claim Forms and served concurrently therewith upon Class Counsel (Patrick J. Solomon, Thomas & Solomon LLP, 693 East Avenue, Rochester, New York  14607) and counsel for Defendant (Lisa A. Schreter, Littler Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 1500 Atlanta, Georgia  30326).

16.     A member of the Settlement Classes may appear at the Final Fairness Hearing and show cause, if any, why the proposed Settlement Agreement should or should not be entered thereon; provided, however, that no member of the Settlement Classes may appear at the Final Fairness Hearing unless he or she no later than forty-five (45) calendar days after the mailing of the Settlement Notice and Claim Forms:  (1) files an objection, an entry of appearance, and Notice of Intention to Appear with the Clerk of Courts of the United States District Court for the District of Massachusetts; and (2)

serves the same upon Class Counsel and counsel for Defendant, as more fully stated above. If the objector is represented by counsel, the name and address of counsel must also be stated in the Entry of Appearance.

17. The Court approves and appoints CAA as the Claims Administrator, who shall administer the distribution of the Settlement Notice and Claims Forms, as set forth in the Settlement Agreement in Section XII.

18. The Court authorizes the distribution of the proposed Settlement Notice and Claim Forms by first-class U.S. mail to members of the Settlement Classes by adopting the following schedule: [please match the

| Deadline | Event |
|---|---|
| Approximately 65days after entry of Order Authorizing Notice Of The Proposed Settlement And Notice Of Final Fairness Hearing: | Mailing of Settlement Notice and Claim Forms. |
| Fifteen (15) calendar days before the Bar Date (which is 30 calendar days after mailing date of Settlement Notice and Claim Forms): | Mailing of a reminder postcard to each member of the Settlement Classes who has not yet submitted a Claim Form. |
| 45 calendar days after mailing date of Settlement Notice and Claim Forms: | Last day for members of the Settlement Classes to "opt out" or to submit a written objection to the settlement (Bar Date). Claims Administrator must receive opt-out on or before 45 calendar days after mailing date of Settlement Notice and Claim Forms. Objections, entries of appearance, and notices of intention to appear must be filed with the Court and served on the Parties' counsel on or before 45 calendar days after mailing date of Settlement Notice and Claim Forms. |
| 45 calendar days after mailing date of Settlement Notice and Claim Forms: | Last day for members of the Settlement Classes to qualify as an "Authorized Claimant" by filing Claim Form (Bar Date). Claims Administrator must receive Claim Form on or before 45 calendar days after mailing date of Settlement Notice and Claim Forms. |

| | |
|---|---|
| Approximately 110 calendar days after date of mailing of Settlement Notice and Claim Forms: | Last day for filing documents in support of Final settlement approval. |
| Approximately 135 calendar days after the Court enters its Order Authorizing Notice Of The Proposed Settlement And Notice Of Final Fairness Hearing: | Final Fairness Hearing. |
| Within 20 business days after the Final Effective Date (as defined in the Settlement Agreement): | Qualified members of the Settlement Classes and non-UMMMC Opt-in Plaintiffs (collectively "Authorized Claimants") shall be mailed a Final Settlement Payments (as set forth more fully in the Settlement Agreement) and all members of the Final Settlement Classes will be mailed a copy of the Final Approval Order. |
| Within 10 calendar days after the Final Effective Date (as defined in the Settlement Agreement): | Defendants will deliver monies to the Claims Administrator for the Claims Administrator to subsequently make payment of Class Counsel's Fees and Costs (as defined the Settlement Agreement). |
| Within 20 business days after the Final Effective Date (as defined in the Settlement Agreement): | The Claims Administrator will effectuate payment of Service Payment to Plaintiff, if any (as set forth more fully in the Settlement Agreement). |
| 90 calendar days from the date on which the Final Settlement Payments are mailed: | Last day for qualified members of the Settlement Classes who were mailed a Final Settlement Payment to negotiate settlement check (as set forth more fully in the Settlement Agreement). |

19.  The Court further finds that the distribution of the Settlement Notice and Claim Forms set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

### ORDER REQUIRING CURRENT EMPLOYEES WHO WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT TO COMPLETE THE CURRENT EMPLOYEE CERTIFICATION AND COMPLY WITH THE REQUIREMENTS THEREIN

20. The court hereby finds that Current Employees as of the Court's entry of this Order who wish to participate in the proposed settlement must complete the Current Employee Certification contained in the appropriate Claim Form and comply with the requirements therein.

### SETTING DATE OF FINAL FAIRNESS HEARING

21. A final fairness hearing shall be held before this Court on 3rd day of October 2013 at 2:00 p.m. in Courtroom 1 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, 00210 to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Class Counsel; and (d) whether, and in what amount, a Service Payment should be made to the named Plaintiff.

22. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to members of the Settlement Classes.

DONE AND ORDERED, this 16th day of May, 2013.

THE HONORABLE F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE